# JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DISTRICT**

|  |  |
|---|---|
| **TONI WIGGINS,** | **Case No.: SACV 22-02320-CJC (DFMx)** |
| **Plaintiff,** | |
| **v.** | |
| | **ORDER *SUA SPONTE* REMANDING ACTION TO STATE COURT** |
| **C.T. CORPORATION SYSTEM – FEDEX and DOES 1 to 50,** | |
| **Defendants.** | |

On September 27, 2022, Plaintiff Toni Wiggins, proceeding *pro se*, filed suit against Defendant FedEx Office and Print Services, Inc. (erroneously named "C.T. Corporation - FedEx" in the complaint) in the Superior Court of California, County of Orange.  (*See* Dkt. 1 [Notice of Removal, hereinafter "Notice"]; Dkt. 1-1 [Complaint, hereinafter "Compl."].)  The complaint appears to concern return and refund policies for copying services from FedEx and includes claims for (1) breach of contract, (2) negligence, (3) "[d]uty of care," (4) "[b]reach of duty – damages," (5) "compensatory

-1-

damages," and (6) "causation."  (Compl. [page 3 of PDF].)  The complaint also includes an intentional tort claim and seeks exemplary damages.  (*See id.* [pages 5–6 of PDF].)  FedEx alleges that it was served on November 28, 2022, (*see* Notice ¶ 5), and it removed the action to this Court on December 28, 2022, invoking diversity jurisdiction, (*see id.* ¶ 7).

A defendant may remove a civil action filed in state court to a federal district court if the federal court would have had original jurisdiction over the action.  *See* 28 U.S.C. § 1441.  Federal courts have diversity jurisdiction over cases that are between diverse parties and involve an amount in controversy that exceeds $75,000.  *See* 28 U.S.C. § 1332.  Principles of federalism and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which [Congress] has defined." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941).  Indeed, "[n]othing is to be more jealously guarded by a court than its jurisdiction."  *United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotations omitted).  The defendant removing the action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Id.*

Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue.  *See United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments.").  "The court may—indeed must—remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction."  *GFD, LLC v. Carter*, No. CV 12–08985, 2012 WL 5830079, at *2 (C.D. Cal. Nov. 15, 2012).

FedEx stated in its notice of removal that "when a complaint is unclear and does not specify 'a total amount in controversy,' the jurisdictional minimum may be satisfied by claims for special and general damages, attorneys' fees, and punitive damages." (Notice ¶ 11 [citation omitted].)  They then cite case law on recovery in cases involving claims like those that Wiggins brought in an attempt "to make a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  (*Id.* ¶ 13 [emphasis omitted]; *see also id.* ¶ 11–20.)

FedEx misses the mark.  The complaint *is* clear about the total amount in controversy.  Under the "jurisdiction" section of the form complaint, Wiggins checked boxes indicating that the "action is a limited civil case" and that the "amount demanded . . . exceeds $10,000 *but does not exceed $25,000*."  (Compl. [page 2 of PDF] [emphasis added].)  The removal statute provides that "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy," 28 U.S.C. § 1446(c)(2), and unless there is a strong basis to infer bad faith, courts presume that the sum demanded is indeed the amount sought, *see Burns v. Windsor*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).  FedEx offers no basis suggesting bad faith in its notice, and the Court sees no evidence of bad faith in the complaint either.  Indeed, that the sum sought jurisdictionally renders a case a limited civil case in the California court system only buttresses the conclusion that the sum stated is in good faith.  *See* Cal. Civ. Proc. Code §§ 85–89.[1]

---

[1]  Wiggins did indicate $25,000 in the line marked for "[t]he amount of exemplary damages sought" and "$1.8 per day" as attorney's fees.  (*See* Compl. [pages 3, 6 of PDF].)  Because Wiggins is proceeding *pro se*, the Court reads the allegations liberally and construes them as seeking no more than the $25,000 jurisdictional maximum for a limited civil case, as Wiggins had indicated on the first page of the complaint.  Even if these amounts were in fact separate and then aggregated together, however, the total amount in controversy still would not plausibly reach the $75,000 threshold for federal diversity jurisdiction.

Plaintiffs are "the master[s] of [their] complaint[s]." *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000).  If plaintiffs "do[] not desire to try [their] case[s] in the federal court," they "may resort to the expedient of suing for less than the jurisdictional amount, and though [they] would be justly entitled to more, the defendant[s] cannot remove." *St. Paul Mercury Indem. Co. v. Red Cab. Co.*, 303 U.S. 283, 294 (1938).  That is in fact what happened here.  Accordingly, the Court *sua sponte* **REMANDS** this case to Superior Court of California, County of Orange.


DATED:     March 28, 2023

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE